## SCHRIEVER v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.   March 20, 1900.)

ATTORNEY AND CLIENT—ATTORNEY'S FEES—SUMMARY PROCEEDINGS.

A summary proceeding will not lie to enforce an agreement whereby a defendant, as part of a compromise, promised to pay the plaintiff's attorney his costs and fee.

Appeal from special term, Kings county.

Action by John D. Schriever against the Brooklyn Heights Railroad Company. From an order requiring defendant to pay plaintiff's attorney the amount of his lien on the action, and from an order denying defendant's motion for a reargument (61 N. Y. Supp. 644, 890), defendant appeals. Modified.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

John L. Wells, for appellant.

John M. Ward, for respondent.

GOODRICH, P. J.   The plaintiff retained an attorney to prosecute an action against the defendant on a claim for damages for injuries to himself, and agreed to pay him "40 per cent. of any verdict or settlement secured in the said action or claim." An action therein was commenced on July 25, 1899, and the defendant answered on August 14th. During the month of August, apparently, after the joinder of issue, the plaintiff and defendant settled the cause of action for the sum of $350 and bill of the physician; such settlement being made "upon the express promise by said representative of the defendant that the defendant would pay the plaintiff's attorney his costs and fee." After the settlement the defendant served an amended answer, setting up a general release by the plaintiff to the defendant. A motion followed for permission to the plaintiff's attorney "to continue the prosecution of the above-entitled action for his own costs and lien under the contract between him and the plaintiff herein." The court ordered "that the defendant pay to the plaintiff's attorney herein, within five days after service of a copy of this order, with notice of entry hereof, the sum of one hundred and seventy-five dollars, his costs and lien herein on the amount of the settlement of this action between the parties." A motion for a reargument was made by the defendant's attorney, which was denied, and the defendant appeals from both orders.

For the reasons stated in the opinion of Mr. Justice Hirschberg in the case of Pilkington v. Railroad Co. (decided at the present term) 63 N. Y. Supp. 211, we think the court is without authority to enforce in a summary manner the agreement of the defendant's representative to pay the costs and fee of the plaintiff's attorney. Unless the defendant voluntarily makes such payment, the proper course is to permit the action to be continued by the plaintiff's attorney, as was held in the case cited.

Order modified, without costs, so as to provide that, unless within

20 days the defendant pay $175 to the plaintiff's attorney, said attorney is granted leave to continue the prosecution of the action for the collection of his compensation. All concur.